IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01269-BNB

RICARDO ORTIZ,

    Applicant,

v.

RON WILEY, Warden, Federal Prison Camp - Florence,

    Respondent.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 1 2 2009

GREGORY C. LANGHAM
CLERK

---

## ORDER OF DISMISSAL

---

Applicant Ricardo Ortiz is a prisoner in the custody of the United States Bureau of Prisons (BOP) at the Federal Prison Camp in Florence, Colorado. Mr. Ortiz initiated this action by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. In an order filed on June 17, 2009, Magistrate Judge Boyd N. Boland ordered Respondent to file a preliminary response limited to addressing the affirmative defense of exhaustion of administrative remedies if Respondent intends to raise that affirmative defense in this action. On July 7, 2009, Respondent filed a Preliminary Response to Application for Writ of Habeas Corpus arguing that Mr. Ortiz has failed to exhaust administrative remedies. Although he was given an opportunity to file a reply to the preliminary response, Mr. Ortiz has not done so. However, Mr. Ortiz has filed on July 14, 2009, a "Notice of Objection to the Assignment of Any and All Judicial Proceedings to a United States Magistrate Judge" in which he asserts, without any factual support, that Magistrate Judge Boland and the Court are biased against him.

The Court will construe the notice filed on July 14, 2009, liberally as a motion to recuse pursuant to 28 U.S.C. §§ 144 and 455.

Title 28 U.S.C. § 144 provides a procedure whereby a party to a proceeding may request the judge before whom the matter is pending to recuse himself or herself based upon personal bias or prejudice either against the moving party or in favor of any adverse party. Section 144 requires the moving party to submit to the court a timely and sufficient affidavit of personal bias and prejudice. *See Green v. Branson*, 108 F.3d 1296, 1305 (10th Cir. 1997). "The affidavit must state with required particularity the identifying facts of time, place, persons, occasion, and circumstances." *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987). Although a court must accept the facts alleged in the supporting affidavit under § 144 as true, the affidavit is construed strictly against the moving party. *See Glass v. Pfeffer*, 849 F.2d 1261, 1267 (10th Cir. 1988). The moving party has a substantial burden "to demonstrate that the judge is not impartial." *United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992).

Title 28 U.S.C. § 455(a) provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The goal of this provision is to avoid even the appearance of partiality. *See Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988). Pursuant to § 455, a court is not required to accept all factual allegations as true "and the test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *Glass*, 849 F.2d at 1268 (internal quotation marks omitted). The standard is completely objective and the inquiry is limited to outward manifestations and

2

reasonable inferences drawn therefrom. *See United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993).

Mr. Ortiz' conclusory allegation that the Court is biased against him is not sufficient to demonstrate that disqualification is appropriate pursuant to either § 144 or § 455(a). Therefore, the liberally construed motion to recuse will be denied.

The Court must construe the application liberally because Mr. Ortiz is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the action will be dismissed.

Mr. Ortiz first claims that prison officials at the Florence prison camp categorically are denying the review and transfer of eligible inmates to community corrections centers (CCCs) in violation of 18 U.S.C. § 3621(b). According to Mr. Ortiz, inmates with more than twelve months of their sentences remaining to be served may be placed in a CCC. Mr. Ortiz alleges that he has sought and been denied consideration for a transfer to a CCC.

Mr. Ortiz also claims that prison officials at the Florence prison camp categorically are denying eligible pre-release inmates more than six months in a residential re-entry center (RRC) in violation of 18 U.S.C. § 3624(c) and 28 C.F.R. §§ 570.20 and 570.21. Mr. Ortiz describes a "pre-release inmate" as an inmate with twelve months or less of his or her sentence remaining to be served. Mr. Ortiz contends that federal law allows pre-release placements in an RRC for up to twelve

months.  He identifies himself as a pre-release inmate and he states that he wants to spend the maximum amount of pre-release time in an RRC.

As noted above, Respondent argues that this action should be dismissed for failure to exhaust administrative remedies.  Exhaustion of administrative remedies is a prerequisite to federal habeas corpus relief pursuant to 28 U.S.C. § 2241.  *See Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986) (per curiam).  The exhaustion requirement is satisfied through proper use of the available administrative procedures.  *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006).

The BOP administrative remedy procedure is available to Mr. Ortiz.  *See* 28 C.F.R. §§ 542.10 - 542.19.  The administrative remedy procedure allows "an inmate to seek formal review of an issue relating to any aspect of his/her own confinement."  28 C.F.R. § 542.10(a).  Generally, a federal prisoner exhausts administrative remedies by attempting to resolve the matter informally and then completing all three formal steps by filing an administrative remedy request with institution staff as well as regional and national appeals.  *See* 28 C.F.R. §§ 542.13 - 542.15.

According to Respondent, Mr. Ortiz has not filed any administrative remedy requests that relate to the claims he is raising in this action.  As noted above, Mr. Ortiz has not filed a reply to the preliminary response.  He concedes in the application that he has not exhausted administrative remedies.

Mr. Ortiz does assert in the application that this action should not be dismissed for failure to exhaust administrative remedies because exhaustion would be futile.  He contends that exhaustion would be futile because the BOP has predetermined the

4

issue. Mr. Ortiz alleges in support of this contention that no inmate at the Florence prison camp has been granted an RRC placement longer than six months and that prison officials at the Florence prison camp categorically deny inmate requests for transfers to a CCC. Mr. Ortiz also refers to a BOP memorandum that allegedly limits RRC placements to six months absent unusual or extraordinary circumstances in support of his futility argument.

The exhaustion requirement may be waived if exhaustion would be futile. *See Fraley v. U.S. Bureau of Prisons*, 1 F.3d 924, 925 (9th Cir. 1993) (per curiam). "However, the futility exception is quite narrow." *Holman v. Booker*, No. 98-3124, 1998 WL 864018 (10th Cir. Dec. 14, 1998). In the instant action, Mr. Ortiz fails to convince the Court that exhaustion of administrative remedies would be futile.

Mr. Ortiz' conclusory assertions that Florence prison officials have not granted any inmate at the Florence prison camp an RRC placement longer than six months and categorically deny inmate requests for transfers to a CCC are insufficient to demonstrate exhaustion would be futile. *See Mackey v. Ward*, 128 F. App'x 676, 677 (10th Cir. 2005) ("[C]onclusory allegations that pursuit of administrative remedies would be futile . . . are insufficient to excuse [a] failure to exhaust."). Of course, even if Florence prison officials categorically are denying maximum pre-release RRC placements to eligible inmates and categorically are denying inmate requests for transfers to a CCC, those facts alone would not demonstrate that exhaustion of administrative remedies is futile because the BOP administrative remedy procedure includes two levels of review beyond institution staff.

The BOP memorandum referenced by Mr. Ortiz also fails to demonstrate that exhaustion would be futile because Mr. Ortiz states that the memorandum allows for RRC placements that exceed six months in appropriate circumstances. The fact that those circumstances must be deemed unusual or extraordinary in order to warrant a placement greater than six months does not change the fact that RRC placements greater than six months are permitted.

In conclusion, the Court finds that Mr. Ortiz fails to demonstrate that exhaustion of administrative remedies would be futile or should be excused for some other reason. Nothing in the Court's file indicates that Mr. Ortiz cannot be considered for a transfer to a CCC or cannot be considered for pre-release placement in an RRC for up to twelve months. Therefore, the instant action will be dismissed without prejudice for failure to exhaust administrative remedies. Accordingly, it is

ORDERED that the "Notice of Objection to the Assignment of Any and All Judicial Proceedings to a United States Magistrate Judge" filed by Mr. Ortiz on July 14, 2009, which the Court has construed liberally as a motion to recuse, is denied. It is

FURTHER ORDERED that the habeas corpus application is denied and the action is dismissed without prejudice for failure to exhaust administrative remedies.

DATED at Denver, Colorado, this _11_ day of _____ _Aug._ _____, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

### CERTIFICATE OF MAILING

Civil Action No. 09-cv-01269-BNB

Ricardo Ortiz
Reg No. 14121-280
Federal Prison Camp
P.O. Box 5000
Florence, CO 81226

Jamie L. Mendelson
Assistant United States Attorney
**DELIVERED ELECTRONICALLY**

I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 8/12/09

GREGORY C. LANGHAM, CLERK

By: _____
          Deputy Clerk